**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **NGOC THI LAM** | **CASE NO. 3:26-CV-01364 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **MARKWAYNE MULLIN ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM ORDER**

Before the Court is a Report and Recommendation (Doc. 13) of the Magistrate Judge, which recommends that Petitioner's habeas petition[1] be granted and that Petitioner be immediately released.

The Magistrate Judge concluded that there after being held for 390 days as of September 17, 2026, "there is no significant likelihood of her removal in the reasonable for seeable future."[2] The Magistrate Judge also remarks the "Respondents provide no evidence that Vietnam has agreed to accept Petitioner, that any third country has agreed to accept her, that a travel document has been issued, that transportation has been arranged, or that removal is anticipated within any identifiable timeframe."[3]

Respondents suggest that Petitioner has hindered the Government's ability to remove Peitioner by failing to complete the travel document applications on numerous occasions since October 7, 2025. [4] Petitioner does not dispute that assertion but simply states that Petitioner has not refused to sign or complete the travel documents since March

[1] Petitioner is a native of Vietnam who has been under a final order of removal since 2010. Doc. 1-7.
[2] Report and Recommendation, p. 5.
[3] *Id.*
[4] *Id.*

2026. The Magistrate Judge accepted Petitioner's position noting that Petitioner had affirmatively cooperated four months prior when she sent her application to counsel.[5] The Magistrate Judge also concluded that it was persuasive that the Government had been unable to remove Petitioner for almost sixteen years following her final order of removal,[6] Respondents provide no evidence that a travel document is forthcoming or evidence that they have made progress in obtaining travel documents. Additionally, Respondents provide no evidence that they have communicated with Vietnam, that they have arranged transportation for removal, that there is date for removal or a timeframe for removal, that any country has recently accepted others similarly situated to Petitioner, that any country has an agreement or treaty with the United States affecting Petitioner's removal, or that any country is willing to accept Petitioner."[7]

Respondents inform the Court that Petitioner and counsel for Petitioner have repeatedly attempted to impede Petitioner's removal since March 2026. On May 12, 2026, ERO resent travel documents to Petitioner's attorney and made numerous attempts to contact the attorney for an update on the travel document application. On May 26, 2026, Petitioner was placed in failure to comply status with the issuance of a Notice of Failure to Comply pursuant to 8 C.F.R. § 241.4(g). ERO followed up with Petitioner's attorney three times in June and July, 2026, and on July 10, 2026, Petitioner was again served with a Notice of Failure to comply.

---

[5] *Id.* p. 6.
[6] *Id.*
[7] *Id.*

On August 5, 12, and 19, 2026, ERO contacted Petitioner's attorney for an update on the travel document application. On September 8, 2026, ERO sent the travel document application to the Removal Division at ERO headquarters for review and approval. Neither party presents these travel documents and there is no suggestion by Petitioner that she or her attorney returned the signed travel documents to ERO. As such, the Court has no information from either party as to the country that is designated as the receiving country in the travel documents, or whether Petitioner signed the travel documents. The Court can only assume that because the travel documents were forwarded to ERO, that as of September 8, 2026, Petitioner and her counsel are cooperating with ERO. As such, it appears to this Court that Petitioner and her counsel have repeatedly hindered Respondent's attempts at removal. On numerous occasions Petitioner refused to sign documents, and on numerous occasions counsel for Petitioner failed to respond to attempted contacts regarding same, or update ERO as to the travel documents.

Accordingly, the Court is not inclined to accept the Report and Recommendation of the Magistrate Judge, nor is the Court inclined to dismiss Petitioner's Petition for Writ of Habeas Corpus. The Court will allow the Government 30 days to complete its removal process, and if after such time, Petitioner has not been removed, Petitioner may supplement her Petition for Habeas Corpus and if appropriate, file a Motion for Immediate Release after which the Court will make a determination as to whether the Motion should be granted.

**IT IS ORDERED** that the Court DECLINES to accept the Report and Recommendation.

**IT IS FURTHER ORDERED** that if Petitioner is not removed within 30 days of this Order, she may supplement her Petition for Writ of Habeas Corpus and file an appropriate motion for immediate release.

**THUS DONE AND SIGNED** in chambers on this 28th day of October, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**